## No. 204.

### THE STATE OF LOUISIANA vs. ANDREW JACKSON.

In a criminal prosecution it is not competent for the District Attorney to question a State witness as to the cause of his unfriendly feelings against the accused, which he has admitted on his cross-examination by the defence, without objection. The inquiry cannot be pressed further than the existence of the unfriendly feelings.

The decision in State vs. Gregory, 33 Ann. 779, affirmed.

APPEAL·from the Second District Court, Parish of Bossier. *Drew,* J.

---

*J. A. W. Lowry,* District Attorney, and *M. C. Elstner* for the State, Appellee.

*Joannes Smith* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. Convicted of arson, the defendant complains of an erroneous ruling of the trial judge, which is contained in a bill of exceptions. On cross-examination, a State witness, who is a brother of the prosecutor, was questioned by the defence as to the state of his feelings toward the accused. His answer was that they were unfriendly.

On re-examination by the district attorney, the witness was asked to explain the cause of his unfriendly feelings to the accused, and the question was allowed over the objection of defendant's counsel. The witness explained that his unfriendly feelings grew out of his belief that the accused was guilty of the charge for which he was on trial.

The point thus presented falls entirely under the ruling of this court in the case of the State vs. Gregory, 33 Ann. 737. In that case the court, dealing with a precisely similar question, said: "The sole object of it was to prove the fact or existence of the unfriendly feeling, and beyond this, neither the question nor the answer could legitimately have any bearing whatever on the question presented. If the witness did entertain such feeling, his credibility, under the law, was affected thereby, and it was a matter to be duly considered by the jury in weighing his testimony. If he entertained no such feeling, his credibility was unimpaired; and the inquiry should have ceased and the matter closed here, the end and object of the inquiry being fully accomplished."

And we must note that the ruling thus made is not without precedent. It has been held that "where the defence was permitted, without objection, to ask a witness if he was not prejudiced against the prisoner, and he has answered that he was, it was error for the court, against the objection of the defence, to draw from the witness a statement of the reasons why he was so prejudiced." * * Waterman's U. S. Criminal Digest, p. 169, § 404.

In the case at bar the question allowed was not only illegal and unwarranted, but it was manifestly intended to draw from the witness an answer inevitably injurious to the accused under the state of facts which had been elicited from the witness in his cross-examination. That a statement of a witness for the prosecution containing his opinion that the defendant was guilty as charged was at the same time damaging as well as injurious to the latter, is a proposition too plain and self-evident to need any support or argument. In a criminal trial the jury alone are empowered, under the law, to draw inferences or to form opinions from facts to the statement of whether witnesses, not experts, must be restricted in their testimony.

We are constrained to conclude and to hold that the accused in this case has not had a legal trial, and that he is entitled to relief at our hands.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled and reversed, that the verdict of the jury be set aside, and that this cause be remanded to the lower court for further proceedings according to law.